## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| THOMAS A. LENGE | : | CIVIL ACTION COMPLAINT |
| 30 Thornbury Lane | : | |
| Newtown, PA 18940 | : | DOCKET NO. |
| | : | |
| vs. | : | |
| | : | |
| MICHAEL EARLE | : | **COMPLAINT** |
| 556 Navesink River Road | : | |
| Red Bank, NJ 07701 | : | **JURY DEMANDED** |

---

Plaintiff, Thomas A. Lenge, by and through his attorneys, Quinn Law Group, LLC, hereby files this Complaint against Defendants, and in support thereof, avers as follows:

1.      Plaintiff, Thomas A. Lenge, is an adult citizen of the Commonwealth of Pennsylvania, residing therein at 30 Thornbury Lane, Newtown, PA 18940.

2.      Defendant, Michael Earle, is a citizen of the State of New Jersey, residing at 556 Navesink River Road, Red Bank, NJ 07701.

3.      At all times relevant and material hereto, Defendant acted and/or failed to act by and through their actual and/or apparent agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, whose names are presently unknown, whom was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency, and in furtherance to Defendant's interests.

4.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides within this District and is subject to personal jurisdiction here.

6.      On April 11, 2024, Plaintiff was a pedestrian, lawfully present in public, when Defendant, Michael Earle, without provocation or warning, violently attacked Plaintiff by striking him in the face with a closed fist, knocking him to the ground and causing him to fall backwards on the pavement, resulting in serious and permanent injuries to Plaintiff.

6.      This incident was directly and proximately caused by the negligence and carelessness of the Defendant, as set forth more fully hereinafter.

7.      As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff fell backwards and sustained serious physical injuries.

8.      The negligence and carelessness of the Defendant, as described herein, caused the following:

      a.  Acute displaced fractures of the nasal bone, anterior maxilla, and inferior orbital wall;

      b.  Facial hematoma, swelling, laceration, and periorbital bruising;

      c.  Scalp hematoma and soft tissue trauma to the head and face;

      d.  Closed displaced fracture of the left scaphoid with associated instability and deformity;

      e.  Post-traumatic nonunion of the scaphoid requiring open reduction and internal fixation (ORIF) with autogenous bone graft and screw fixation;

      f.  Persistent pain, weakness, and restricted range of motion of the left wrist and hand;

      g.  Facial pain, tenderness, and disfigurement surrounding the left orbital and nasal

region;

h.  Concussion and post-concussive symptoms, including headache, dizziness, and difficulty concentrating;

i.  Emotional distress, fear, panic, and mental anguish;

j.  Loss of enjoyment of life and life's pleasures;

k.  Medical expenses;

l.  All such other injuries, damages, and losses as described more fully herein.

9.    As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff suffered significant damages and severe injuries.

## COUNT I

10.    Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if the same were fully set forth hereinafter.

11.    Defendant Earle subjected Plaintiff to unwanted physical contact as described above.

12.    This contact was meant or expected to place Plaintiff in reasonable apprehension of imminent harmful or offensive contact.

13.    The assault and physical strikes did, in fact, place Plaintiff in reasonable apprehension of imminent harmful or offensive contact.

14.    This harmful and offensive contact was intended to cause bodily injury to Plaintiff.

15.    This harmful and offensive contact did cause bodily injury to Plaintiff.

16.    Defendant Earle engaged in unpermitted, harmful, and offensive contact upon Plaintiff's person in violation of the laws of the State of New Jersey.

17.    As a direct and proximate result of the assault and battery, Plaintiff suffered severe

physical and emotional injuries described herein.

18.     As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff sustained serious injuries and damages as set forth more fully above.

19.     The acts of Defendant Earle were willful, malicious, and in wanton disregard for the safety and well-being of Plaintiff, thereby justifying the imposition of punitive damages.

WHEREFORE, Plaintiff, Thomas A. Lenge, demands judgment against Defendant for damages in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00), together with compensatory and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT II

32.     Plaintiff hereby incorporates by reference the averments set forth in the above paragraphs as if the same were set forth herein at length.

33.     The harmful and unwanted conduct committed by Defendant Earle on April 11, 2024, constitutes *per se* violations of the New Jersey Criminal Code, including but not limited to:

    a.  N.J.S.A. 2C:12-1(a) (Simple Assault); and

    b.  N.J.S.A. 2C:12-1(b) (Aggravated Assault).

34.     Defendant's actions were unlawful, intentional, and reckless, directly resulting in physical injury and harm to Plaintiff.

35.     As a direct result of the aforementioned conduct, Plaintiff suffered severe and permanent injuries, physical pain, emotional distress, and economic loss.

WHEREFORE, Plaintiff, Thomas A. Lenge, demands judgment against Defendant for damages in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00), together with compensatory and punitive damages, exclusive of pre-judgment interest, post-judgment interests

and costs.

## COUNT III

36.     Plaintiff hereby incorporates by reference the averments set forth in the above paragraphs as if the same were set forth herein at length.

37.     Defendant Earle, by and through his intentional and reckless physical attack on Plaintiff, committed acts of extreme and outrageous conduct that foreseeably and proximately caused severe emotional, psychological, and physical injury to Plaintiff.

38.     As a result, Plaintiff suffered mental anguish, humiliation, anxiety, emotional trauma, and ongoing physical manifestations of distress.

WHEREFORE, Plaintiff, Thomas A. Lenge, demands judgment against Defendant for damages in an amount exceeding Seventy-Five Thousand  Dollars ($75,000.00), together with compensatory and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

Respectfully Submitted,

QUINN LAW GROUP, LLC

BY:     /s/     SEAN E. QUINN
        SEAN E. QUINN, ESQUIRE
        Attorney for Plaintiff
        226 Walnut Street
        Philadelphia, PA 19106
        (215) 360-3666
        sean@quinnlawyers.com

Date: February 9, 2026